### WM. H. JONES v. CINCINNATI.

ERRONEOUS ASSUMPTION OF FACT—CLAIM FOR DAMAGES.

Where an ordinance accurately states the grade of a street improvement in feet and inches, and the notice served on a property owner sufficiently apprises him of it, it is immaterial whether the ordinance was properly passed, and having failed to file his claim for damages, within the time prescribed by statute, no relief can be granted, notwithstanding it clearly and equitably appears he should be compensated for the damages done him by the improvement.

*W. H. Jones*, for plaintiff.

*Charles J. Hunt*, contra.

SWING, J.

In our opinion the notice served on the plaintiff in this action for the improvement of Hemlock street must be construed to have given him a fairly accurate statement of the nature of the improvement proposed to be made, and that the improvement, as actually made, was in accordance with the notice.

It is true that the fifth item of the notice says that the improvement will not change an established grade; but the sixth item of the notice

specifically points out the established grade referred to in the fifth item, and accurately states what the grade is in feet and inches.

The fifth item standing alone, without specifying what established grade was meant, might be construed to mean the actual grade as it had existed in front of the property for the last fifteen years; but we do not think this meaning can be given to it when the notice clearly shows that the "established grade" mentioned is the grade established by ordinance No. 1806, passed July 3, 1874, which grade the notice itself specifies in accurate terms.

It is immaterial whether the ordinance itself was properly passed. The grade mentioned in the ordinance was accurately set forth, and the grade proposed in this ordinance is accurately set forth, and the notice served on the plaintiff sufficiently apprised him of it, and not having filed his claim for damages within the time required by the statute, we are unable to see how we can grant him any relief, although it would clearly appear from any principle of natural justice that he should be compensated for the damages done him by the improvement. But not having complied with the requirements of the law, he himself must stand the consequences.

Petition dismissed.